IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–02276–RBJ–KMT

SHAWN GEERDES,

    Plaintiff,

v.

LT. CILLO, Elbert County Sheriff's Office,
SGT. WILSON, Elbert County Sheriff's Office,
OFFICER SKALINSKY, Elbert County Sheriff's Office,
OFFICER DICKEY, Elbert County Sheriff's Office,

    Defendants.

---

**ORDER**

---

Before the court is Plaintiff's "Motion for Appointment of Counsel." (["Motion"], Doc. No. 54.) No response has been filed to the Motion, and the time to do so has lapsed. After carefully considering the Motion and related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present h[er] claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff, a *pro se* inmate litigant, brings this action under 42 U.S.C. § 1983. (Doc. No. 41 at 2-4.) He alleges that, on May 23, 2017, while he was a pretrial detainee at the Elbert County Jail, Defendants, all of whom are employees of the Elbert County Sherriff's Office, physically "assaulted" him, without justification, and failed to provide him with adequate

2

medical care for his resulting injuries. (*Id.* at 4-8.) In his Amended Prisoner Complaint, Plaintiff lodges the following Fourteenth Amendment claims: (1) excessive force by Defendants Wilson, Dickey, and Skalinsky; (2) failure to intervene by Defendant Cillo; and (3) deliberate indifference to medical needs by Defendant Skalinsky.[1] (*Id.* at 4-5.) The claims are neither novel, nor complex, and Plaintiff has relayed the substance of his claims effectively thus far.

In support of his request for the appointment of counsel, Plaintiff states that Defendants have "claimed" that he "is too dangerous to have information as to Defendants and/or witnesses to the incident in this case disclosed to him, which makes it impossible for him to conduct the discovery necessary to prove the substance of his claims." (Mot. 2 ¶ 2.) Geerdes contends that he "needs to be able to obtain written depositions from these witnesses," because he "has set forth a claim, which if proven true would entitle him to relief." (*Id.*) Plaintiff contends further that he "has no knowledge of the law or how to proceed further with his civil suit and no longer has access to help from the inmate who initially helped him to file his claim." (*Id.* at 2 ¶ 3.) However, Plaintiff does not address the nature and complexity of the action, the potential merit of his claims, or any efforts he has undertaken to retain an attorney by other means.[2] *See* D.C.COLO.LAttyR 15(f)(1)(B). In addition, the court does not see any benefit that it may derive

---

[1] On October 28, 2019, this court recommended that summary judgment be entered on the deliberate indifference claim, in favor of Defendant Skalinsky, and that all other claims proceed. (Doc. No. 53.) That recommendation remains pending with the district court.

[2] To the extent Plaintiff argues that Defendants are withholding discoverable evidence from him, that is not a valid reason to appoint counsel. Rather, if Plaintiff believes Defendants are withholding such evidence, the appropriate remedy is to compel discovery, or to move for sanctions under Federal Rule of Civil Procedure 11.

from the assistance of appointed counsel.  On balance, therefore, the court does not find the appointment of counsel to be warranted.

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 54) is **DENIED**.

This 25th day of February, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge