IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-02276-RBJ-KMT

SHAWN GEERDES,

    Plaintiff,

v.

LT. CILLO, Elbert County Sheriff's Office,
SGT. WILSON, Elbert County Sheriff's Office,
OFFICER SKALINSKY, Elbert County Sheriff's Office,
OFFICER DICKEY, Elbert County Sheriff's Office,
C/O HOULE, Elbert County Jail Officer, and
C/O STOUT, Elbert County Jail Officer,

    Defendants.

## ORDER

Pro se plaintiff Shawn Geerdes is a pretrial detainee at Elbert County Jail. ECF No. 41. He alleges that on May 23, 2017 employees of the Elbert County Sherriff's Office physically assaulted him without justification and then failed to provide him with adequate medical care for his resulting injuries. *Id*. at 6. He claims that defendant Sergeant Wilson ordered defendant Officers Dickey and Skalinsky to shoot Mr. Geerdes with tasers, which they did. *Id*. Sergeant Wilson then ordered his service canine to attack Mr. Geerdes, and proceeded to punch and kick Mr. Geerdes' head, back, and ribs. *Id*. at 6-7. Mr. Geerdes alleges that after the assault ended the officers called the jail emergency medical technicians to assess his injuries, who determined he needed to be transported to the emergency room. *Id*. at 7. At the hospital Officer Skalinsky

refused to move the restraints from Mr. Geerdes' injured arm to his uninjured arm, preventing medical staff from cleaning a puncture wound in his injured arm. *Id*. at 8.

On September 4, 2018 Mr. Geerdes filed this 42 U.S.C. § 1983 action against Sergeant Wilson, Officers Skalinsky and Dickey, and Lieutenant Cillo, all of Elbert County Sherriff's Office. ECF No. 1. He filed an amended complaint on May 15, 2019. ECF No. 41. Mr. Geerdes alleges that Sergeant Wilson and Officers Dickey, and Skalinsky used excessive force, that Lieutenant Cillo failed to intervene, and that Officer Dickey was deliberately indifferent to his medical needs, all in violation of his Fourteenth Amendment rights. ECF No. 41.

This matter is before the Court on the October 28, 2019 recommendation of Magistrate Judge Kathleen M. Tafoya. ECF No. 53. The recommendation addresses a motion to dismiss filed by defendants. ECF No. 42. In their motion defendants argue Mr. Geerdes failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").

Magistrate Judge Tafoya recommends that the motion be granted in part and denied in part. ECF No. 53 at 9. Specifically, Magistrate Judge Tafoya recommends that the motion to dismiss be converted to a motion for summary judgment because both parties addressed and submitted materials outside the pleadings. *Id*. at 4. She also recommends that I grant the motion regarding Mr. Geerdes' deliberate indifference claim against Officer Skalinsky because he failed to allege the relevant facts in his grievance and therefore failed to exhaust his administrative remedies. *Id*. at 8. She recommends denying the motion as moot regarding the rest of Mr. Geerdes' claims because defendants withdrew the motion on those claims in their reply. *Id*. at 3; ECF No. 48. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

2

The recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the recommendation, and that failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings and recommendations. ECF No. 53 at 9–10. Despite this advisement, Mr. Geerdes did not file objections.

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court has reviewed the Recommendation. Based on this review, the Court concludes that Magistrate Judge Tafoya's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Within its discretion, the Court has also conducted a de novo review of Magistrate Judge Tafoya's recommendation. Based upon that review, which involved reading Mr. Geerdes' amended complaint, ECF No. 41; defendants' motion to dismiss, ECF No. 42; Mr. Geerdes' response to the motion, which does not address exhaustion of remedies for the deliberate indifference claim, ECF No. 47; and defendants' reply, ECF No. 48, I agree with Magistrate Judge Tafoya's conclusions.

**ORDER**

1. The recommendation of Magistrate Judge Tafoya, ECF No. 53, is ACCEPTED and ADOPTED.

2. Defendants' motion to dismiss, ECF No 42, is GRANTED in part and DENIED in part. Plaintiff's deliberate indifference claim is dismissed WITHOUT PREJUDICE.

DATED this 26th day of March, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge